J-S26005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN CLAYTON MITCHELL, JR. | |
| Appellant | No. 1536 MDA 2014 |

Appeal from the PCRA Order August 15, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001037-2008

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                          **FILED MAY 08, 2015**

Kevin Clayton Mitchell, Jr., appeals from the order entered August 15, 2014, in the Court of Common Pleas of Lebanon County, that denied his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Concomitantly, counsel has filed a petition to withdraw as counsel and an **Anders**[1] brief.  Based upon the following, we affirm and grant counsel's petition to withdraw.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967). Although counsel has submitted an **Anders** brief to this Court, we note that in the PCRA context, counsel should have filed a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), and their progeny. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.1 (Pa. Super. 2011). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id.** (citation omitted).

This Court previously summarized the background of this case as follows:

> [Mitchell] was arrested and charged with committing multiple crimes in connection to his infant daughter's death. [Mitchell] eventually entered a *nolo contendere* plea to, *inter alia*, first-degree murder. For that conviction, the trial court sentenced [Mitchell] to life in prison without the possibility of parole [on April 17, 2009]. [On August 27, 2010, t]his Court affirmed the judgment of sentence. ***Commonwealth v. Mitchell***, 11 A.3d 1041 [1652 MDA 2009] (Pa. Super. 2010) (unpublished memorandum).

***Commonwealth v. Mitchell***, 82 A.3d 453 [No. 1794 MDA 2012] (Pa. Super. June 3, 2013) (unpublished memorandum at 1), *appeal denied*, 80 A.3d 776 (Pa. November 19, 2013).

On February 22, 2011, Mitchell filed a *pro se* petition for PCRA relief. After the appointment of counsel, the filing of an amended PCRA petition, and an evidentiary hearing, the PCRA court denied the petition. On appeal, this Court affirmed the decision of the PCRA court. Specifically, this Court rejected on the merits Mitchell's claim that "plea counsel rendered ineffective assistance by failing to call character witnesses at trial," and his claim that "he had asked plea counsel to withdraw his plea prior to sentencing and that counsel refused to honor his request." ***Mitchell, supra***, 82 A.3d 453 (unpublished memorandum at 3–4). This Court further determined Mitchell's claim "that his plea was involuntary because his colloquy was defective" was waived where he raised it for the first time in his PCRA petition, and his claim "that plea counsel coerced him into pleading nolo

- 2 -

contendere" was waived because it was unclear and undeveloped. ***Id.*** (unpublished memorandum at 4–5).

On December 17, 2013, Mitchell filed this second *pro se* PCRA petition. Although not required, the PCRA court appointed counsel to represent Mitchell. Counsel thereafter filed a "no-merit" letter with the PCRA court. On June 16, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition after 20 days. In response, Mitchell filed a *pro se* document entitled Motion to Consider. On July 22, 2014, the PCRA court denied the motion to consider, and on August 15, 2014, denied Mitchell's second PCRA petition. The trial court found that Mitchell's second PCRA petition "in which he again claims his plea was involuntary" had "absolutely no merit." PCRA Court Opinion, 8/15/2014, at 4, 7. The PCRA court also denied counsel's request to withdraw. This appeal followed.[2, 3]

---

[2] The PCRA Court had entered an order on August 10, 2014, and docketed August 13, 2014, denying Mitchell's second PCRA petition. On August 15, 2014, the PCRA court entered an order denying Mitchell's second PCRA petition and PCRA counsel's request for leave to withdraw, together with an opinion explaining the court's rationale for the denial of PCRA relief. On September 11, 2014, Mitchell filed a *pro se* notice of appeal, and on that same date, PCRA counsel filed a notice of appeal from the PCRA court's August 15th order. This Court thereafter dismissed the *pro se* appeal as duplicative of the present appeal.

[3] On September 11, 2014, along with the notice of appeal, PCRA counsel filed a Pa.R.A.P. 1925 statement, indicating counsel intended to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). The PCRA court, on September 15, 2014, issued an order directing Mitchell to file a Rule 1925(b) statement
*(Footnote Continued Next Page)*

We first consider counsel's petition to withdraw. As mentioned above, although counsel filed an **Anders** brief, the cases of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), establish the procedure for counsel to follow in seeking to withdraw from representation in a PCRA proceeding:

> The **Turner**/**Finley** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, […] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. **See** [**Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009)].
>
> In **Commonwealth v. Friend**, 2006 PA Super 70, 896 A.2d 607 (Pa. Super. 2006)*, abrogated in part by **Pitts, supra***, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to **Friend** counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012).

---

*(Footnote Continued)*

within 21 days. On October 2, 2014, Mitchell filed a *pro se* Rule 1925(b) concise statement.

Here, PCRA counsel has indicated he has reviewed the record for possible error and none has been identified, has discussed the issues sought to be litigated by Mitchell, and has explained why the claims are without merit.[4]  Counsel has attached to his petition to withdraw a copy of a letter notifying Mitchell of his rights pursuant to **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006).  We further observe that, following the filing of the **Anders** brief and motion to withdraw, Mitchell filed a *pro se* brief with this Court on March 3, 2015.[5]  Based on our review, we conclude counsel has complied with the procedural requirements of **Turner** and **Finley**.

We next turn to the issue of jurisdiction.  While the PCRA court determined Mitchell's claim regarding the voluntariness of his *nolo contendere* plea was previously litigated and meritless, we conclude that Mitchell's PCRA petition is untimely.

_____

[4] Specifically, counsel discussed the issue of the validity of the plea in light of Mitchell's affirmative response to Question 18 of the written colloquy that promises had been made to him, and the corollary issue of waiver of appellate review of this claim.  The promises – to deliver family pictures and to arrange a family visit – were made and kept by defense counsel.  PCRA counsel evaluated an ineffectiveness of counsel claim for failure to request withdrawal of the plea based upon Mitchell's response to Question 18, and concluded that the claim would fail.

[5] On January 23, 2015, this Court granted  Mitchell an extension of time until February 23, 2015, to file a *pro se* brief and/or response to counsel's petition to withdraw.  Mitchell's *pro se* brief was docketed in this Court on March 3, 2015.  Attached to the certificate of service is a cut-out of a postmark, bearing the date of February 26, 2015. In any event, we have reviewed Mitchell's *pro se* brief.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). However, an untimely petition may be reviewed when the petitioner pleads and proves any of three statutory exceptions to the time limitation, as set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).[6] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

---

[6] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

In this case, on August 27, 2010, this Court affirmed Mitchell's judgment of sentence. *See Commonwealth v. Mitchell*, 11 A.3d 1041 [1652 MDA 2009] (Pa. Super. 2010) (unpublished memorandum). No petition for allowance of appeal was filed. Therefore, Mitchell's judgment of sentence became final thirty days later, on September 27, 2010, upon the expiration of the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 1113 (30–day time period for petitions for allowance of appeal). Consequently, in order to be timely, Mitchell needed to file his PCRA petition on or before September 27, 2011. Since Mitchell did not file the present PCRA petition until June 13, 2012, the petition is patently untimely.

Mitchell did not invoke any statutory exception in his *pro se* PCRA petition. However, in the *pro se* brief that he filed in response to the *Anders* brief, Mitchell relies on *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988), asserting that a serial PCRA petition may be entertained where there has been a "miscarriage of justice," and further relies on the PCRA's statutory exception set forth at 42 Pa.C.S. § 9549(b)(ii) for after-discovered evidence.

- 7 -

Mitchell contends "[t]he issue that is being litigated in this instant case is a[n] Ineffectiveness claim on appellant [sic] counsel for failing to raise ALL prior counsel's ineffectiveness on first PCRA petition." Mitchell's *Pro Se* Response, at 7 (quotations omitted). Mitchell maintains that his claim fits within Section 9545(b)(1)(ii) because it could not have been known to him until this Court decided his first PCRA appeal. **See id.** at 7, 12–13. In making this argument, Mitchell points to this Court's opinion in his first PCRA appeal, wherein this Court determined, *inter alia*, that Mitchell's claim that his plea was involuntary due to a defective colloquy was waived where it was raised for the first time in his PCRA petition. **See** Mitchell's Brief at 7. Mitchell argues, "[T]here is an expectation on the part of Mitchell (defendant) that the attorney representing would represent his claim in a manner that would not be deemed waived." **Id.** at 12.

However, an allegation of a "miscarriage of justice" does not establish an exception to the PCRA time bar. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Moreover, ineffectiveness of counsel claims do not constitute an exception to the time bar. A petitioner's belief that he has uncovered a colorable claim of ineffectiveness by prior counsel, including first PCRA counsel, does not entitle the petitioner to an exception to the PCRA timeliness requirements. **Commonwealth v. Crews**, 863 A.2d 498, 503 (Pa. 2004). Furthermore, claims of ineffectiveness of counsel are

excluded from the governmental interference exception since the term "government officials" does not include defense counsel.

Accordingly, we find that Mitchell has not established one of the exceptions to the time bar, and our independent review discloses no other applicable exception to the PCRA time bar. Therefore, neither this Court nor the PCRA court has jurisdiction to entertain the merits of Mitchell's claims. Accordingly, we affirm the PCRA court's dismissal of Mitchell's second PCRA petition of relief, albeit on other grounds.[7, 8]

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

---

[7] *See Commonwealth v. McKeever*, 947 A.2d 782, 786 n.4 (Pa. Super. 2008) (holding that this Court is empowered to affirm a PCRA court's decision on grounds other than those relied on by the PCRA court).

[8] Had Mitchell's petition been timely, we would conclude no relief is due. This Court has already addressed the voluntariness of the *nolo contendere* plea in Mitchell's direct appeal, *see Commonwealth v. Mitchell*, 11 A.3d 1041 [1652 MDA 2009] (Pa. Super. 2010) (unpublished memorandum), and our own independent review would lead us to agree with the assessment of PCRA counsel in the "*Anders*" brief.